MIGUEL SÁNCHEZ LEÓN ET AL., Petitioners, *v.* MARCELINO ROMANY, JUDGE OF THE DISTRICT COURT OF SAN JUAN, Respondent.

No. 314. Argued June 20, 1938.—Decided July 23, 1938.

*J. Valldejuly Rodríguez* for petitioners. *A. Ortiz Toro* for respondent.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendants in a proceeding for criminal contempt, appealed from an adverse judgment, and filed a petition for an order directing the stenographer to prepare a transcript of the evidence. Section 356 of the Code of Criminal Procedure (1935 ed.) provides that:

"... Upon receipt of such petition it shall be the duty of the court to direct the stenographer thereof to make a true and complete transcript of the stenographic record of the trial."

Section 2 of a law approved November 27, 1917 (Session Laws, Vol. II, pp. 274, 276) contains a similar provision con-

cerning appeals perfected, in accordance with the rules prescribed by the Code of Civil Procedure.

The district judge, acting upon the theory that nó appeal lies from the judgment in a proceeding for criminal contempt, denied the petition. This court, at the instance of petitioners, then issued an order to show cause why a writ of mandamus should not be granted.

 Section 295 of the Code of Civil Procedure authorizes appeals from the district courts:

"1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered. . . ."

Section 345 of the Code of Criminal Procedure provides that:

"Either party in a criminal action originating before any of the district courts may appeal to the Supreme Court as prescribed in this chapter."

This court has heretofore entertained without question appeals from judgments in proceedings for civil contempt under section 295 of the Code of Civil Procedure, and appeals from judgments in proceedings for criminal contempt under section 345 of the Code of Criminal Procedure. See *In re Montalvo,* 22 P.R.R. 608; *People* v. *De Jesús,* 39 P.R.R. 300; *In re Cerdeira,* 41 P.R.R. 596; *People* v. *Lastra,* 50 P.R.R. 114; *People* v. *Bigio,* 51 P.R.R. 161. See also: 3 C. J. 555, section 396; 13 C. J. 97, section 155; *State* v. *American News Co.,* 253 N. W. 492; *Burnett* v. *State ex rel. West,* 47 L.R.A. (N.S.) 1175; *Clark* v. *United States,* 61 Fed. (2d) 695 (affirmed in 289 U. S. 1).

 We need not stop to consider whether a proceeding for constructive criminal contempt—arising out of a civil action, and directed against one or more of the parties thereto—is a "special proceeding", as that term is used in section 295 of the Code of Civil Procedure. But see 4 Bancroft's Code Practice and Remedies, p. 3716, sec. 2895.

It may be conceded that a criminal contempt in this jurisdiction is neither a misdemeanor nor a felony. It is not necessary that the charge be presented by indictment or information. Cases may arise in which some distinction must be drawn between a proceeding for criminal contempt and a criminal action. Without closing the door to further investigation, we are not now prepared to say that a proceeding for criminal contempt is not a criminal action within the meaning of that term as used in section 345.

If an appeal from the judgment in a proceeding for criminal contempt lies under section 345 of the Code of Criminal Procedure, the duty of the district judge to order a transcript of the evidence is manifestly ministerial. In any event, the district judge should not refuse to make such an order in a doubtful case, and this is, as far as the question has been developed in the briefs before us, a doubtful case.

Our conclusion is that the writ should issue.